UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ELIZABETH SCOTT                )
                                                )
           PLAINTIFF,        )
                                                )   CIVIL ACTION NO. 1:06CV01661 (CKK)
             v.                    )
                                                )
Office of RODNEY ALEXANDER  )
Member, U.S. House of Representatives  )
                                                )
           DEFENDANT.      )
                                                )
_____)

## SUPPLEMENTAL COMPLAINT

### PRELIMINARY STATEMENT

1.     Plaintiff Elizabeth Scott brings this civil action under the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301 et seq. ("CAA"), against Defendant, for damages attributable to the sexual harassment, sex discrimination and retaliation plaintiff experienced while in the employ of United States Representative Rodney Alexander's Washington, D.C. office.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 2 U.S.C. §1408 (a). Venue is proper in this jurisdiction under 2 U.S.C. §1404 (2).

### PARTIES

3.     Defendant is an employer within the meaning of the CAA.

4.     Plaintiff is an employee within the meaning of the CAA, a citizen of the United

States and a resident of the District of Columbia.

## FACTS

5. Plaintiff was employed by the Defendant's Washington, D.C. office in several positions during the period commencing in the Fall of 2005 through June 2006.

6. Plaintiff started in the Defendant's employment during the Fall of 2005 as an unpaid intern. She was hired in November 2005 into a full-time paid position as the Defendant's Scheduler.

7. Defendant's Chief of Staff, Royal Alexander, engaged in a course of misconduct with respect to Plaintiff that included, among other things, inappropriate sex-based comments, ogling and touching.

8. Defendant provided Plaintiff and male employees providing equal work requiring equal skill, effort, and responsibility different wages/benefits and otherwise paid male and female staff members differently because of their sex.

9. Plaintiff complained regarding the misconduct referenced in paragraphs 7 and 8 as constituting unlawful sex discrimination.

10. Defendant removed Plaintiff from her position as Scheduler and transferred her to a lesser position as Staff Assistant with lesser duties and responsibilities at least in part because she resisted the misconduct referenced above and complained of possible sex discrimination.

11. Defendant made Plaintiff's working conditions so intolerable after she complained of unlawful discrimination that Plaintiff reasonably felt compelled to quit her job.

12. Defendant's misconduct caused Plaintiff to lose economic benefits of employment.

13. Defendant's conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

14. Defendant's conduct has caused Plaintiff to incur responsibility for attorney's fees and litigation expenses.

## COUNT I
## SEX HARASSMENT

15. The misconduct referenced above in paragraph 7 was directed at Plaintiff because of her sex.

16. The referenced misconduct was severe or pervasive and rendered Plaintiff's work environment hostile and/or abusive.

17. The referenced misconduct was offensive to Plaintiff as it would have been to a reasonable person in like circumstances.

18. The referenced misconduct was unwelcome to Plaintiff.

19. The misconduct referenced above in paragraph 7 constitutes unlawful sex harassment in violation of the CAA. 2 U.S.C. § 1311(a).

## COUNT II
## SEX DISCRIMINATION WAGES AND BENEFITS

20. The misconduct referenced above in paragraph 8 was willful and sex based.

21. The referenced misconduct constitutes unlawful sex discrimination, in violation of the CAA, 2 U.S.C. § 1311(a)(1) and § 1313(a)(1).

## COUNT III
## RETALIATION

22. The misconduct referenced above in paragraphs 10 and 11 constitutes unlawful

retaliation in violation of the CAA, 2 U.S.C. § 1317(a).

## COUNT IV
## CONSTRUCTIVE DISCHARGE

23. The misconduct referenced above in paragraph 11 constitutes an unlawful discharge in violation of the CAA, 2 U.S.C. §§ 1311(a)(1) and 1313(a)(1).

24. All conditions precedent to this litigation have been performed or have occurred.

## COUNT V
## POST-EMPLOYMENT RETALIATION

25. Defendant, on/about June 30, 2006, without notice to Plaintiff, caused a "hold" to be placed on all funds deposited to Plaintiff's account at the Congressional Federal Credit Union.

26. By way of correspondence from the U.S. House of Representative's Office of the Chief Administrator Office dated August 4, 2006, which Plaintiff received on/about August 15, 2006, Plaintiff was advised for the first time that a review of her payroll records with Defendant indicated an overpayment of some $1,695.67.

27. The above referenced office of the Chief Administrative Officer advised Plaintiff that she could request a review of records pertaining to her account and arrange for the orderly resolution of any true overpayment, provided she contact the Chief Administrator Officer by October 4, 2006 to make appropriate arrangements.

28. Plaintiff's counsel timely contacted the Chief Administrative Officer in writing on September 1, 2006 to make appropriate arrangements to review records and resolve any overpayment. There was no response to counsel's letter of September 1, 2006.

29. Plaintiff determined on September 8, 2006 that $1,695.67 had been withdrawn from her account without her consent or knowledge.

30.     Plaintiff's counsel contacted the Chief Administrative Officer in writing on September 15, 2006 to request an explanation for the foregoing.  There was no response to counsel's letter of September 15.

31.     The conduct referenced above caused Plaintiff to incur loses and expenses, including responsibility for attorney's fees.

32.     The conduct referenced above constitutes unlawful retaliation in violation of the CAA, 2 U.S.C. § 1317(a).

33.     All conditions precedent to this litigation have been performed or have occurred.

## JURY DEMAND

34.     Plaintiff demands her trial by jury on all counts.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for all damages available under the law, including without limitation, lost wages/benefits, damages for emotional distress, liquidated damages, prejudgment interest, reasonable attorneys' fees, costs herein expended, and other relief as appropriate.

Respectfully submitted,

____/s/_____
Michael J. Hoare
District of Columbia Bar No. 206979
MICHAEL J. HOARE, P.C.
1101 14th Street, NW
Suite 710
Washington, D.C.  20005
(202) 408.7901
(202) 408.7903 (Fax)
Attorney for Plaintiff