IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Elizabeth Scott,<br>　　　Plaintiff,<br><br>v.<br><br>Office of Rodney Alexander,<br>Member, U.S. House of Representatives<br>　　　Defendant. | Civ. No. 1:06CV01661 (CKK) |

## ANSWER TO SUPPLEMENTAL COMPLAINT

The Defendant, Office of Representative Rodney Alexander, herein answers the allegations contained in the Plaintiff's Supplemental Complaint in the above-captioned matter.

### PRELIMINARY STATEMENT

1.　　Plaintiff's allegations in paragraph one are legal contentions and do not require a response from Defendant. To the extent a reply is required, Defendant denies the allegations contained in this paragraph except to admit the existence of the cited statutes.

### JURISDICTION AND VENUE

2.　　Plaintiff's allegations in paragraph two are legal conclusions and do not require a response from Defendant. To the extent a reply is required, Defendant denies the allegations contained in this paragraph.

### PARTIES

3.　　Defendant admits the legal conclusion contained in paragraph three.

4. Defendant admits the legal conclusion that Plaintiff is an employee within the meaning of the Congressional Accountability Act ("CAA"). Answering further, Defendant is without sufficient knowledge or information to admit or deny Plaintiff's allegations regarding her citizenship and her present residence.

**FACTS**

5. Defendant denies that Plaintiff was employed in "several" positions during her tenure with the Defendant's Washington, DC office. Defendant admits that Plaintiff worked as an unpaid intern in Defendant's Washington, D.C. office from late October 2005 to November 30, 2005. Effective December 1, 2005, Plaintiff worked as a full-time Scheduler in its Washington, D.C. office at an annual salary of $30,000. Plaintiff was employed as Scheduler when she resigned on June 9, 2006.

6. Defendant admits the allegations in paragraph six, except to state that Plaintiff worked as a full-time Scheduler effective December 1, 2005.

7. Defendant denies the allegations in paragraph seven.

8. Defendant denies the allegations in paragraph eight.

9. Defendant admits that on Sunday, May 14, 2006, just two days after Royal Alexander, Chief of Staff, announced to Plaintiff that she was going to be transferred from Scheduler to Staff Assistant at her current salary because of her continued poor performance as Scheduler, Plaintiff sent Representative Alexander an e-mail in which she complained to him for the first time of "sexual harassment" and "sex-based pay discrimination" by the Chief of Staff.

10. Defendant denies the allegations in paragraph ten. Answering further, Defendant states that Plaintiff was notified *prior to* her e-mail complaint that she was

going to be transferred to the Staff Assistant position. Plaintiff was notified that she was going to be transferred because of her repeatedly poor performance as Scheduler, about which Plaintiff had been counseled numerous times.

11.    Defendant denies the allegations and legal conclusions in paragraph eleven. Answering further, Defendant avers that Plaintiff's working conditions could not have been made "so intolerable by Defendant after she complained of unlawful discrimination that Plaintiff reasonably felt compelled to quit her job," because Plaintiff did not report to work after she complained to Representative Alexander. Furthermore, soon after Plaintiff complained to Representative Alexander, an independent investigator was hired to conduct a prompt, fair, and impartial investigation of Plaintiff's allegations of "sexual harassment" and "sex-based pay discrimination" and Defendant put Plaintiff on paid administrative leave pending the investigation. At the conclusion of the investigation, Plaintiff's allegations were found by the independent investigator to be unsubstantiated. Defendant avers that Plaintiff was asked to return to work effective June 12, 2006, as a Staff Assistant at an annual salary of $30,000 and, despite the fact that none of her allegations were corroborated, Defendant offered to change Plaintiff's reporting relationship so that she would no longer be reporting to the Chief of Staff. Plaintiff declined to return to work and resigned through a letter from her counsel on June 9, 2006.

12.    Defendant denies the allegation and legal conclusion in paragraph twelve.

13.    Defendant denies the allegations and legal conclusions in paragraph thirteen.

14.    Defendant denies the allegations in paragraph fourteen.

## COUNT I
## SEX HARASSMENT

15. Defendant denies the allegations in paragraph fifteen. Answering further, Defendant herein incorporates paragraph seven of this Answer.

16. Plaintiff's allegations in paragraph sixteen are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph sixteen.

17. Defendant is without information as to Plaintiff's belief and therefore denies the allegations and legal conclusions in paragraph seventeen.

18. Defendant is without information as to Plaintiff's belief and therefore denies the allegations and legal conclusions in paragraph eighteen.

19. Plaintiff's allegations in paragraph nineteen are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph nineteen. Answering further, Defendant herein incorporates paragraph seven of this Answer.

## COUNT II
## SEX DISCRIMINATION WAGES AND BENEFITS

20. Plaintiff's allegations in paragraph twenty are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph twenty. Answering further, Defendant herein incorporates paragraph eight of this Answer.

21. Plaintiff's allegations in paragraph twenty-one are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph twenty-one.

## COUNT III
## RETALIATION

22. Plaintiff's allegations in paragraph twenty-two are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph twenty-two. Answering further, Defendant herein incorporates paragraphs ten and eleven of this Answer.

## COUNT IV
## CONSTRUCTIVE DISCHARGE

23. Plaintiff's allegations in paragraph twenty-three are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph twenty-three. Answering further, Defendant herein incorporates paragraph eleven of this Answer.

24. Plaintiff's allegations in paragraph twenty-four are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in paragraph twenty-four.

## COUNT V
## POST-EMPLOYMENT RETALIATION

25. Defendant denies the allegations in paragraph twenty-five.

26. Defendant admits that a letter from the Office of the Chief Administrative Officer to Plaintiff dated August 4, 2006 stated, inter alia, that Plaintiff had been overpaid in the amount of $1,695.67. Defendant avers that Plaintiff has admitted that she had been overpaid. Defendant is without sufficient knowledge or information regarding the remaining allegations in paragraph twenty-six and therefore denies the remaining allegations of this paragraph.

27. Defendant admits that the letter dated August 4, 2006 (referred to in

paragraph 26) stated, <u>inter</u> <u>alia</u>, that Plaintiff could review records relating to her debt and discussed repayment.  Defendant is without sufficient knowledge or information regarding the remaining allegations in paragraph twenty-seven and therefore denies the remaining allegations of that paragraph.

28. Defendant admits that there is a letter on Plaintiff's counsel's letterhead dated September 1, 2006 to the Office of the Chief Administrative Officer regarding Plaintiff's debt, a request to review records and to discuss alternative payment options.  Defendant is without sufficient knowledge or information regarding the remaining allegations in paragraph twenty-eight and therefore denies the remaining allegations of this paragraph.

29. Defendant is without sufficient knowledge or information regarding the allegations in paragraph twenty-nine regarding what and when Plaintiff determined regarding her account and therefore denies the allegations in paragraph twenty-nine.

30. Defendant admits that there is a letter on Plaintiff's counsel's letterhead dated September 15, 2006 to the Office of the Chief Administrative Officer regarding Plaintiff's debt and a request to review records.  Defendant is without sufficient knowledge or information regarding the allegations in paragraph thirty and therefore denies the allegations in this paragraph.

31. Defendant is without sufficient knowledge or information regarding the allegations in paragraph thirty-one and therefore denies the allegations in this paragraph.

32. Plaintiff's allegations in paragraph thirty-two are legal conclusions and do not require a response from Defendant.  To the extent a reply is required, Defendant

denies the allegations contained in this paragraph.

33.     Plaintiff's allegations in paragraph thirty-three are legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant denies the legal conclusions in this paragraph.

34.     No response to paragraph thirty-four is required.

Defendant denies that Plaintiff is entitled to the relief requested in the final paragraph of her Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff cannot establish a prima facie case of sexual harassment, sex-based pay discrimination, retaliation, or constructive discharge.

### Third Defense

Plaintiff's claims should be dismissed because Defendant's actions were all based on legitimate, non-discriminatory and non-retaliatory reasons, were not based on Plaintiff's sex, and were not designed to make plaintiff's working conditions intolerable.

### Fourth Defense

Defendant took prompt, remedial, and corrective action after Plaintiff complained of alleged sexual harassment.

### Fifth Defense

Plaintiff's employment relationship with Defendant was at-will and could be terminated at any time, for any reason, or for no reason at all.

### Sixth Defense

Some or all of Plaintiff's claims are untimely

### Seventh Defense

Plaintiff has failed to exhaust her administrative remedies on one or more allegations in her Complaint and they should be dismissed accordingly.

### Eighth Defense

Defendant and its employees acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, the Plaintiff is barred from any recovery in this action.

### Ninth Defense

Plaintiff has failed to mitigate her damages.

### Tenth Defense

Plaintiff is not entitled to attorney's fees.

Defendant reserves the right to prepare and to present additional affirmative defenses and to supplement or amend Defendant's Answer to the Supplemental Complaint.

Respectfully submitted,

By: _____/s/_____
Gloria J. Lett, D.C. Bar # 293365
Kimberly Carey Williams,[1] VSB # 41325
Russell H. Gore, D.C. Bar # 449231
U.S. House of Representatives
Office of House Employment Counsel
Longworth House Office Building
Washington, D.C. 20515
(202) 225-7075

Attorneys for Defendant
Office of Rep. Rodney Alexander
United States House of Representatives

January 22, 2007

---

[1] Appearing by LCvR 83.2(e) and 2 U.S.C. § 1408(d).