IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH SCOTT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) <br>OFFICE OF RODNEY ALEXANDER, )<br>Member, U.S. House of Representatives )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 1:06CV01661 (CKK)<br>(Next Event: Status Hearing: 9/21/07) |

**JOINT STATUS REPORT AS TO DISCOVERY PLAN**

Plaintiff Elizabeth Scott ("Plaintiff") and Defendant Office of United States Representative Rodney Alexander (hereinafter "Defendant") (collectively referred to as "the parties"), jointly file this Status Report As To Discovery Plan, pursuant to this Court's Order at the March 16, 2007 Scheduling Conference.[1] The parties have been able to agree on many aspects of this discovery plan. However, with respect to certain issues, the parties have not been able to reach agreement. Some, if not all, of these issues are likely to affect the timing of discovery in this case. The parties first identify the areas of agreement, and then identify the issues in dispute with separate sections setting forth their respective positions.

---

[1] On March 26, 2007, the parties requested a two day extension of time to submit this Status Report. The Court granted the extension on March 26, 2007.

**I.     UNDISPUTED AREAS**

    **A.     Discovery Schedule**

The Court has set September 14, 2007, as the date for the close of discovery; June 29, 2007, as the date for submission of the proponent's Rule 26(a) expert report; and August 3, 2007, as the date for submission of the opponent's Rule 26(a) expert report.

    **B.     Initial Disclosures**

The parties are in agreement that they will exchange Initial Disclosures on April 16, 2007.

    **C.     Written Discovery**

(i)     The parties are in agreement that they are limited to 25 interrogatories.

(ii)    On March 16, Plaintiff's counsel personally served Defendant's counsel with Plaintiff's First Set of Interrogatories and First Request for Production of Documents. At the same time, Defendant's counsel personally served Plaintiff's counsel with its First Set of Interrogatories, First Request for Production of Documents and Things, and First Set of Requests for Admissions. The parties are in agreement that responses to all of the foregoing are due on or before April 16, 2007.

(iii)   On March 20, 2007, Defendant's counsel served Plaintiff's counsel with its Second Set of Interrogatories.

(iv)   The parties are in agreement that they will issue any subsequent written discovery requests before August 15 (to ensure that responses are served by the September 14, 2007 close of discovery).

(v)     Given the delays associated with Defendant's counsel's receipt of mail as a result of mail inspection practices at the House of Representatives, the parties have agreed to serve all discovery responses electronically, by facsimile, or by hand-delivery.

**D.     Depositions and Third Party Fact Discovery**

(i)     The parties will coordinate with one another in an attempt to schedule all depositions at times that are mutually convenient and otherwise appropriate.

(ii)     As for the deposition of Congressman Alexander, the parties agree that, in light of the Supreme Court's consideration of the case of Office of Senator Mark Dayton v. Hanson, No. 06-618, and the implications a decision in that case may have regarding the scope of the Speech or Debate Clause of the U.S. Constitution regarding testimony by a Member of Congress in a Congressional Accountability Act lawsuit, Plaintiff will not take the deposition of Representative Alexander until the parties have had an opportunity to consult with this Court regarding that deposition.[2]

(iii)     Plaintiff has identified the following other individuals she intends to depose. Defendant does not necessarily agree that all of the depositions identified are appropriate or allowable, but reserves asserting objections until Plaintiff definitively decides whether to proceed with such depositions.

- Randall Robertson        Mr. Robertson conducted Defendant's investigation of Plaintiff's complaint.

- Linda Blount        Defendant's employee - Louisiana office

---

[2]     It is Defendant's position that implicit in this agreement is that Congressman Alexander's deposition will not proceed until after the Supreme Court issues its decision in Hanson.

- Tommie Seaton          Defendant's employee - Louisiana office

- Danielle Savoy         Defendant's former employee - currently residing in New Orleans

- Royal Alexander        Defendant's former Chief of Staff - currently residing in Louisiana

- Congressman Alexander  Located in Washington D.C.

- Nancy Alexander        Congressman Alexander's spouse - currently residing in Louisiana

- Theresa Mares          Defendant's former employee - currently residing in Louisiana

- Representative of U.S. House of Representatives' Office of Employee Services

(iv)    Plaintiff will not know what discovery will be appropriate until counsel receives and reviews Defendant's responses to outstanding discovery requests, but anticipates the need to subpoena the U.S. Representative's Office of Employee Services for records pertaining to Plaintiff's "bank account" and Defendant's communications that resulted in the withdrawal of monies from Plaintiff's account.[3]

(v)     As for the other third party fact discovery, once Defendant receives Plaintiff's discovery responses, the responses to the subpoenas identified below, and completes Plaintiff's deposition, it will be in a better position to assess what, if any, additional fact depositions it

---

[3] Defendant does not necessarily agree with the implicit factual assertions in the last clause of this section (iv) or the identity of the office Plaintiff has listed.

intends to take. While the timing will, in part, be dependent on the timing and sufficiency of Plaintiff's discovery responses and the responses to the subpoenas, Defendant will endeavor to identify any additional fact deponents to Plaintiff by June 18, 2007 and to schedule such depositions to occur between June 18, 2007 and August 31, 2007. Defendant reserves the right to schedule and request additional depositions as it determines necessary.

      **F.**      **Protective Order**

The parties have agreed to draft a consent protective order governing confidential information.

**II.**      **DISPUTED AREAS**

The parties are in disagreement regarding (A) the deposition of Plaintiff; (B) the timing of the depositions of Defendant's former Chief of Staff and Congressman Alexander's wife; (C) Medical and Educational Releases; (D) Employer Subpoenas; (E) Discovery Regarding Plaintiff's Behavior Towards Other Employees; (F) Defendant's Rule 35 Exam of Plaintiff and Expert Witnesses.

      **A.**      **Plaintiff's Deposition**

*Defendant's Position:* At the status conference on March 16, 2007, Defendant's counsel served Plaintiff's counsel with a Notice setting Plaintiff's deposition for April 30, 2007 – a date Defendant's counsel selected based on its expectation of receiving discovery responses two weeks prior. Defendant indicated in its cover letter with the Notice, however, that if the April 30 date was inconvenient for Plaintiff, it would consider an alternate date in that general time frame. Plaintiff's counsel objected to the deposition date and asserted that Defendant's counsel should have consulted with Plaintiff's counsel prior to issuing the Notice. Plaintiff's counsel refused to

5

provide alternate dates and demanded instead that Defendant withdraw the Notice. Defendant's counsel explained that it would not withdraw the Notice without some commitment from Plaintiff's counsel regarding a specific alternate date. Subsequently, Plaintiff's counsel agreed to the April 30, 2007 date.

As counsel continued to discuss this discovery plan, it became clear to Defendant's counsel that Plaintiff's counsel planned to oppose discovery regarding many relevant areas (see items C, D, E, and F below). Defendant's counsel fully recognizes the presumptive rule that a deposition is one day of seven hours. However, in light of these issues, Defendant's counsel now reasonably anticipates that if Plaintiff follows through on opposing or impeding discovery regarding the below areas, substantial relevant discovery will not be provided to Defendant by the time of Plaintiff's deposition. Defendant is unwilling to delay Plaintiff's deposition simply because Plaintiff intends to impede discovery. Therefore, Defendant notified Plaintiff's counsel that it would proceed with her deposition on April 30 and that it would notice her deposition again for a second day later in the discovery period if, by the time of Plaintiff's April 30 deposition, Plaintiff has opposed Defendant's discovery and/or such discovery has not been received due to delay on account of Plaintiff. Defendant believes such a second day may be an appropriate exception to the one day/seven hour rule because it may be necessary "for a fair examination of the deponent" Fed.R.Civ.P.30(d)(2).

*Plaintiff's Position*: Plaintiff disagrees with Defendant's recitation regarding communications between counsel as to the development of the discovery plan.

Plaintiff is of the belief that the circumstances of this case raise legitimate questions about the nature and scope of Defendant's proposed discovery regarding Plaintiff's medical, education

6

and employment records as well as Defendant's interest with respect to Plaintiff's conduct with persons other than the harasser, Defendant's former Chief of Staff, Royal Alexander. Plaintiff believes these issues should be addressed and resolved before Plaintiff is deposed. In this context, Defendant's date for Plaintiff's deposition is, Plaintiff believes, unrealistic.

Plaintiff's counsel will make Plaintiff available for deposition on April 30 or on some alternative, more realistic date; she should not be required to sit twice for her deposition. Indeed, Defendant's counsel as recently as March 27 proposed rescheduling Plaintiff's deposition, but then changed his mind, declined to do so and stated his intent to "maintain [his] current position."

Plaintiff believes that the Plaintiff's deposition should be set later in the discovery period. Moving Plaintiff's deposition to a more realistic date will obviate the need for controversy and motions. Plaintiff anticipates that her deposition will proceed on whatever date is designated for her deposition and be "limited to one day of seven hours" in accordance with Fed. R. Civ.P. 30(d)(2).

## B. The Timing and Depositions of Defendant's Former Chief of Staff and Congressman Alexander's Wife

*Defendant's position:* Defendant notes that, depending on the nature of the inquiry by Plaintiff's counsel, the scope of the Speech or Debate Clause privilege may be relevant at the depositions of these individuals. Therefore, Defendant requested that Plaintiff not depose these two individuals until after the Hanson decision discussed above is issued.

*Plaintiff's position*: Plaintiff objects to any unreasonable delay with respect to these depositions. There is no reason under the Hanson decision that these two depositions cannot proceed subject to Defendant's objections to particularized areas of inquiry.

### C. Medical and Educational Releases

*Defendant's position:* Defendant anticipates issuing subpoenas to third parties (*e.g.,* Plaintiff's educational institutions since high school, and health care providers seen in the past two years). Defendant believes information regarding the health care providers is relevant to Plaintiff's claim of emotional distress. Moreover, on May 16, 2006, Plaintiff's counsel wrote in a letter to Congressman Alexander that Plaintiff was experiencing "work-related difficulties" for which she was "unavailable for work" and that she was "seeking the assistance of a therapist." Plaintiff then called in sick and thereafter never returned to work, despite Defendant's asking Plaintiff to return. Accordingly, Plaintiff's health is relevant not only to damages, but also to the veracity and circumstances of her calling in sick and not returning to work. Furthermore, in a May 14, 2006 email to Congressman Alexander, Plaintiff contended that her educational experience was relevant to her compensation and/or her alleged unequal pay claim vis-a-vis a male employee. Accordingly, educational records are also directly relevant.[4]

Defendant recognizes that it does not require Plaintiff's agreement or approval to issue such subpoenas. However, in Defendant's counsel's experience, health care providers are often reluctant to release medical information even when served with a subpoena absent an

---

[4] Once Defendant receives Plaintiff's responses to the March 16 and March 20 discovery identified above, it expects to be aware of the identities and addresses of these entities and will issue the document subpoenas shortly thereafter. Then, after Defendant receives documents from these third parties, it will assess whether depositions of these entities may be necessary and will endeavor to schedule such depositions expeditiously.

8

authorization from the patient. In light of this, in Defendant's counsel's experience, it is typical practice to request such releases from a plaintiff to expedite and streamline discovery. *See, e.g., Kalinoski v. Evans,* 377 F. Supp.2d 136 (D.D.C. 2005).[5] The same is often true for educational records. Therefore, Defendant requested that Plaintiff provide signed authorizations that it can include with subpoenas issued to health care providers seen by Plaintiff and educational institutions Plaintiff has attended since high school. Defendant's counsel has advised Plaintiff's counsel that they will not include such authorizations with subpoenas except those issued to health care providers seen over the last two years and educational institutions since high school.

Defendant's position is further that it must have such information before Plaintiff's deposition in order to adequately examine Plaintiff. Not knowing whether Plaintiff's counsel intends to provide such releases, or to oppose such discovery, creates a question as to whether Plaintiff's deposition will have to be scheduled to continue again for a second day later in the discovery period.

*Plaintiff's position:* Plaintiff does not intend in this discovery plan to argue the merits of any position. Defendant's submission, however, omits material facts. After Plaintiff complained about Royal Alexander's sexual harassment, and her counsel thereafter wrote to Congressman Alexander regarding the same "work-related difficulties," Plaintiff was placed on administrative leave. When Plaintiff indicated her intent to return to work, Defendant, without explanation, postponed her proposed return date.

---

[5] As this Court has previously recognized in a discrimination case where emotional distress is alleged, Defendant's request for the release does not, however, absolve Plaintiff of her obligation to independently obtain and produce such records. *Kifle v. Parks and History Ass'n,* 1998 WL 1109117 (D.D.C. 1998).

9

Plaintiff's counsel is reviewing the matter to determine whether Plaintiff's claim for emotional distress will be limited to a garden variety claim that does not require expert testimony and/or a Rule 35 examination. This issue cannot be resolved herein. In the event Plaintiff decides to challenge Defendant's position, counsel will confer with Defendant's counsel and initiate the appropriate contacts/motions with the Court.

Plaintiff's educational records present similar issues. Contrary to Defendant's assertions, Plaintiff's education was not a consideration with respect to the terms or conditions of her employment; it should not be an issue now. Plaintiff's counsel is evaluating the matter and will confer with Defendant's counsel in due course.

Plaintiff anticipates that she will communicate the ultimate determination regarding medical and education records to Defendant's counsel on or before April 16, 2007.

### D. Employer Subpoenas

*Defendant's position:* Defendant intends to issue subpoenas to Plaintiff's previous and current employers. Such subpoenas are likely to lead to the discovery of admissible evidence regarding a number of issues including whether Plaintiff was looking for other work at the time she was employed by Defendant and the terms and conditions of Plaintiff's current employment (which are relevant to, among other things, Plaintiff's alleged damages).

*Plaintiff's position:* Defendant's arguments do not justify its proposed discovery regarding Plaintiff's employment records. Records of Plaintiff's prior employment will not reflect anything regarding Defendant's interest in whether Plaintiff was looking for other work while employed by Defendant. Moreover, Plaintiff's counsel has reason to believe that Plaintiff

mitigated her losses when she obtained alternative employment upon leaving Defendant's employment.  Thus, Defendant's current employment will add nothing to the damages issue.

Plaintiff's counsel will confer with Defendant's counsel regarding a specific plan to obtain specific documents from her employers.

### E.     Discovery Regarding Plaintiff's Behavior Towards Other Employees

*Defendant's position:* At the time Plaintiff made her allegations regarding Royal Alexander, Defendant received a written statement from another employee in which the employee described in detail how Plaintiff, among other things, placed her hands in his pants' pockets, against his will and without his consent, and further described other behavior of Plaintiff that was inappropriate, including her continued conduct directed towards him after he emphatically rebuffed her unwelcome advances.  Evidence regarding this issue is directly relevant to this lawsuit.  Any effort by Plaintiff to oppose discovery or refuse to answer questions regarding such topics is inappropriate.

Specifically, in her Supplemental Complaint, Plaintiff claims that she was subject to "inappropriate sex-based comments, ogling and touching," that such behavior was "so intolerable . . . that Plaintiff reasonably felt compelled to quit her job" an that such conduct was "severe or pervasive" and "offensive to Plaintiff."  That Plaintiff engaged in such physical and sexually-oriented behavior towards an unwilling coworker - despite his clear rejection of her advances - at relatively the same time that the behavior in the complaint was allegedly occurring - is directly relevant to whether Plaintiff truly believes such behavior is "offensive" and "intolerable" as alleged in the complaint, or whether, instead, she personally viewed such behavior as unoffensive flirting.  Defendant also believes that its later discovery of Plaintiff's having engaged in such

11

conduct is potentially relevant to barring all or some of her alleged recovery under the after-acquired evidence doctrine.

*Plaintiff's position*:   Plaintiff will object to Defendants proposed discovery regarding her alleged conduct with respect to persons other than the harrasser.   The evidence Defendant references is irrelevant and immaterial to both Plaintiff's claims of sexual harassment against her employer and to Defendants' denials of those claims.   Plaintiff's attitude towards person other than the harrasser is not at issue in this case. *Howard v. Historic Tours of Am.*, 177 F.R.D. 48 (D.D.C. 1997) (Facciola, M.J.)

Defendant's assertion that "after acquired evidence" has no application here where there is no such affirmative defense.

Plaintiff's counsel is evaluating this situation to determine whether a motion for a protective order is appropriate and, if so, will confer with opposing counsel before initiating that process.   Plaintiff's counsel anticipates that any such motion, if necessary, will be initiated prior to the Plaintiff's depositions, April 30, 2007.

### F.   Defendant's Rule 35 Exam of Plaintiff and Expert Witnesses

*Defendant's position:* Defendant has issued an interrogatory asking Plaintiff to identify whether she intends to offer expert testimony regarding her alleged emotional distress and/or alleged compensatory damages.   Plaintiff's response to that interrogatory will be due on or before April 20, 2007.   It is Defendant's position that Plaintiff must provide a definitive answer to this question as soon as possible in order that the parties may comply with the Court's expert discovery schedule.   Specifically, if Plaintiff is seeking to prove emotional distress damages through expert testimony, she bears the burden of designating her expert, and as appropriate an

expert report, on June 29, 2007. *See* Fed.R.Civ.P 26(a)(2). Accordingly, if Plaintiff's April 20, 2007 interrogatory response indicates that she intends to offer expert testimony regarding alleged emotional distress, it is Defendant's position that such expert must be identified, and a report issued as appropriate, on June 29, 2007. In that case, Defendant will work with Plaintiff's counsel to depose Plaintiff's expert and to schedule its own Rule 35 exam of Plaintiff after she submits her Rule 26(a)(2) expert designation and report on June 29, 2007 and before Defendant's opposing report is due. Defendant will then submit its expert report on or before August 3, 2007.

If, however, Plaintiff's interrogatory response indicates that she does *not* intend to offer expert testimony regarding alleged emotional distress, Defendant will assess whether nonetheless to conduct a Rule 35 exam of Plaintiff and will notify Plaintiff's counsel of its decision by May 21, 2007. If Defendant decides to proceed with a Rule 35 exam in this circumstance, it will work with Plaintiff's counsel to attempt to schedule such an exam during the first two weeks of June 2007 so that a report may be submitted on or before the June 29, 2007. Thus, it is fundamental for Defendant to know whether Plaintiff intends to offer expert testimony to support her claim for alleged damages in order to be able to comply with deadlines and sequencing of expert discovery set forth by this Court at the March 16, 2006 status conference.

*Plaintiff's position*: Plaintiff will respond to Defendant's Rule 35 motion in due course and reserves whatever right she may have to object to Defendant's motion. In addition, Plaintiff's position with respect to Section II. C is responsive as well.

Respectfully Submitted,


By _____  By_____
Michael J. Hoare, D.C. Bar #206979   Russell H. Gore, D.C. Bar # 449231
MICHAEL J. HOARE, P.C.               Gloria J. Lett, D.C. Bar # 293365
1101 14th Street, N.W.               Kimberly Carey Williams, VSB # 41325
Washington, D.C. 20005               U.S. House of Representatives
(202) 408-7901                       Office of House Employment Counsel
Attorney for Plaintiff Elizabeth Scott   1036 Longworth House Office Building
Attorney for Plaintiff Elizabeth Scott   Washington, D.C. 20515
                                     (202) 225-7075
                                     Attorneys for Defendant
                                     Office of Rep. Rodney Alexander


DATED:      March 28, 2007