IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH SCOTT )
)
Plaintiff, )
)
v. )
) Civil Action No. 1:06CV01661 (CKK)
OFFICE OF RODNEY ALEXANDER, )
U.S. House of Representatives )
)
Defendant. )
)

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY AND OTHER MATTERS

WHEREAS, Plaintiff Elizabeth Scott and Defendant Office of Representative Rodney Alexander (hereinafter the "parties") have requested certain materials in the above-captioned proceeding, and whereas each of the parties recognizes the legitimate interests of the other parties – and of the individuals to whom such materials may relate – in personal privacy and confidentiality as appropriate under the law; the undersigned hereby stipulate and agree as follows and ask that this Court enter this Order:

1. **Application To Material Produced In This Litigation.** This Order governs the use and handling of certain documents, exhibits, testimony, video tapes, computer disks, electronically stored information, and other information, including copies, excerpts and summaries thereof (collectively, "Material"), produced by the parties in the above-captioned litigation and designated as "Confidential Material" in accordance with the terms of this Order.

2. **Material Subject To Confidentiality Protection.** Any party may designate (the "Designating Party") any Material or portions thereof produced by the party, produced by the other party, produced by a witness, or produced pursuant to a subpoena, which the Designating Party, in good faith, believes is or contains "personnel records," "medical records," or "legislative materials," and/or Material which the Designating Party, in good faith, reasonably believes is confidential or proprietary information, as being confidential within the meaning of

1



this Order. Such Material becomes "Confidential Material" pursuant to this Order after it has been designated pursuant to the procedure identified in paragraphs 9 or 10.

    (i)    The term "personnel records," includes, but is not limited to, resumes (unless names and other personally identifying information is redacted), social security numbers, time sheets, payroll information, performance documentation and disciplinary actions (unless names and other personally identifying information is redacted); and related correspondence.

    (ii)    The term "medical records" includes, but is not limited to, diagnoses, prognoses, doctor's or therapist's notes, prescriptions, and test results.

    (iii)    The term "legislative materials," includes, but is not limited to, work reports and other materials related to Defendant's legislative agenda, political associations, viewpoints, scheduling, strategy, and decision-making processes.

3.    <u>Confidential Material Is To Be Used Only For This Litigation</u>. Confidential Material that has been designated as such pursuant to paragraphs 9 or 10 of this Order shall be used solely in connection with discovery in and preparation for trial of this case, and for no other purpose.

4.    <u>Permissible Disclosures of Confidential Information</u>. Any person who, as a result of this litigation, obtains or otherwise has access to, any Confidential Material shall treat any such Confidential Material as being subject to the provisions of this Order and shall (unless otherwise directed or permitted by the Court) not disclose such Material or information contained therein to any person other than:

    (i)    the Court (as provided in Paragraph 7);

    (ii)    counsel to any party to this action; paralegals, clerical and other support staff, and deposition witnesses (as provided in paragraph 6);

    (iii)    witnesses in the above-captioned matter and their counsel; outside experts or consultants (and their employees) employed or retained by any party or its counsel for the purposes of assisting counsel in the investigation, prosecution or defense of claims in the above-captioned proceeding; and

    (iv)    principals, officers, employees or agents of a party for the purpose of assisting counsel in the investigation, prosecution or defense of claims in the above-captioned proceedings;

*Provided* that all persons specified in subdivisions (ii), (iii) and (iv) be informed of the terms of this Order and agree to be bound by it before receiving Confidential Material.

5.    <u>When Disclosure of Confidential Material Is Otherwise Authorized</u>. Confidential Material shall not be disclosed to any person not specified in paragraph 4, unless: (1) prior written consent to such further disclosure has been obtained from counsel for the Designating

Party; (2) permission for such disclosure has been given by the Court; or (3) as otherwise authorized by the terms of this Order.

6. **Use of Confidential Material in Depositions.** Confidential Material may be used in depositions taken by Plaintiff or Defendant of any person in connection with the above-captioned litigation, provided that the deponent is advised at the commencement of or during such deposition that the information is confidential and protected by this Order and may not be divulged to any other person.

7. **Filing of Confidential Material With the Court.** Unless the parties agree otherwise, Confidential Material shall not be filed with or referred to in documents filed with the Court, other than in one of the following manners: (i) in a generic and/or redacted manner which does not permit identification of particular persons or the specifics of the confidential, private, personal, or proprietary nature of the information; (ii) on the public record, but only with the express prior approval of the Court; or (iii) under seal. In the event that any Confidential Material is filed under seal, it shall be so filed in sealed envelopes, or other appropriate sealed containers, on which shall be endorsed the title of this action, a brief description of the contents, the words "under seal," and a statement substantially in the following form:

> This envelope [or sealed container] contains documents which are filed in this case by [name or party] and is not to be opened except pursuant to Order of the Court.

8. **Continued Confidentiality After Court Use.** In the event that any Confidential Material subject to this Order is used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably necessary or required to protect its confidentiality during and after such use.

9. **Procedure For Designation of Documents and Information as Confidential.** In the event a party wishes to designate a document or other material as Confidential Material pursuant to this Order, it shall clearly denote on the face of the document (through stamp, label or otherwise) that the document is "Confidential" (or other similar statement), or otherwise clearly and with specificity notify the other party in writing that the document or material is Confidential Material.

10. **Procedure for Designation of Depositions As Confidential.** In the event a party wishes to designate deposition testimony as Confidential Material pursuant to this Order, counsel for the Designating Party shall assert such, on the record, during the course of the deposition, or, no later than 30 days after the receipt of the transcript of the deposition in question, in writing to the other party. The Designating Party shall reasonably designate with specificity the portions of the transcript that are confidential.

10(A). **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

11. **Return of Confidential Material at Conclusion of Litigation.** Except as otherwise agreed to in writing by the Designating Party, within thirty days after the termination of this

3

litigation by final judgment (including all appeals) or otherwise, all Confidential Material, including originals and copies, shall be returned to counsel for the Designating Party, and no copies thereof shall be retained by any other person. Nothing in this paragraph shall be interpreted to require a party to relinquish its own documents or information.

12. <u>Confidentiality Designation Applicable For This Litigation Only</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall (i) operate as an admission or assertion by a party or a witness that any particular material or information is, or is not, confidential for purposes other than as set forth in this Order; or (ii) prejudice in any way the right of any party or a witness to seek a Court determination of whether or not particular information should or may be disclosed or, if disclosed, whether or not it should remain Confidential Material and subject to the terms of this Order. Any party may request that the Court modify or otherwise grant relief from any provision of the Order.

13. <u>Non-Waiver of Rights</u>. Nothing in this Order shall be deemed a waiver of any party's right to object to the purported discovery or admission into evidence of any Material on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

14. <u>No Effect on Party's Own Material</u>. Nothing in this Order shall prevent any party from using or disclosing its own Material (including its own Confidential Material). In other words, if a party produces a private memorandum that it generated or that it legitimately received, and the recipient party thereafter designates the memorandum as Confidential, this Order shall not have any effect on the producing party's right to use, retain or disclose the memorandum.

15. <u>Speech or Debate Clause Privilege Preserved</u>. Nothing in this Order shall be deemed to waive or limit the right of Defendant to assert the Speech or Debate Clause privilege identified in Article I, section 6 of the United States Constitution.

4

16.  **Legislative Responsibilities Unaffected By Order.** Nothing in this Order shall be deemed to limit the Defendant from using or disclosing information necessary or appropriate to fulfill Representative Alexander's legislative duties and responsibilities as a Member of Congress, or to authorize judicial review of such matters that would not otherwise be judicially reviewable.

WE REQUEST THAT THIS ORDER BE ENTERED.

By _____ 4/19/07
Michael J. Hoare, D.C. Bar #206979
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W.
Washington, D.C. 20005
(202) 408-7901
Attorney for Plaintiff Elizabeth Scott

By _____ 4/24/07
Russell H. Gore, D.C. Bar # 449231
Gloria J. Lett, D.C. Bar # 293365
Kimberly Carey Williams, VSB # 41325
U.S. House of Representatives
Office of House Employment Counsel
1036 Longworth House Office Building
Washington, D.C. 20515
(202) 225-7075
Attorneys for Defendant
Office of Rep. Rodney Alexander

DATED:   April 24, 2007

APPROVED AND SO ORDERED.

_____
United States District Judge Kollar-Kotelly

4/24/07
Date

5