IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH SCOTT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICE OF RODNEY ALEXANDER, )<br>U.S. House of Representatives )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06CV01661 (CKK) |

**MOTION REQUESTING STATUS CONFERENCE REGARDING
DEFENDANT'S ANTICIPATED MOTION TO DISMISS IN LIGHT OF THE
SUPREME COURT'S RESOLUTION OF DAYTON V. HANSON AND TO
<u>DISCUSS STAY OF DISCOVERY</u>**

Defendant, Office of United States Representative Rodney Alexander, through undersigned counsel hereby files this motion requesting a status conference.[1]

On Monday, May 21, 2007, the Supreme Court issued its decision in the case of *Office of Senator Mark Dayton v. Hanson,* Case No. 06-618. As this Court may be aware, *Hanson* is the first case to be heard by the Supreme Court involving the Speech or Debate Clause's impact on claims brought under the Congressional Accountability Act of 1995 (CAA). The Supreme Court's action of May 21 makes clear that the D.C. Circuit's en banc resolution in *Fields v. Office of Eddie Bernice Johnson/Hanson v. Office of Mark*

---

[1] Based on the Court's discussion with the parties at the March 16, 2007 status conference, Defendant made this request for a status conference by letter sent on May 25, 2007 via facsimile to the Court and as an attachment to email to opposing counsel, believing that approach was consistent with the Court's directives regarding briefing on the Speech or Debate issue. In an abundance of caution, Defendant hereby makes the request formally through motion. Otherwise, this motion is identical to the May 25, 2007 letter. **Plaintiff does not oppose this request for a status conference.**

1

*Dayton*, 459 F.3d. 1 (D.C. Cir. August 18, 2006), sets forth the governing principles in this Circuit with respect to this important Constitutional and separation-of-powers issue. Pursuant to the discussion at the March 16, 2007 status conference, Defendant Office of United States Representative Rodney Alexander, hereby notifies the Court that Representative Alexander expressly asserts the Speech or Debate Clause privilege to its fullest extent as a bar to further litigation of the above-referenced lawsuit. Defendant respectfully requests a conference with the Court to discuss a schedule for briefing Defendant's motion to dismiss this lawsuit on these grounds.

According to the plurality decision of Circuit Judge Randolph in *Fields/Hanson*, the Speech or Debate Clause may effectively operate as a jurisdictional bar when a plaintiff cannot prove her case without inquiring into legislative acts and/or the motivations for such acts. Because this is a Constitutional privilege, uniquely afforded to a co-equal branch of the Government, and because it involves difficult and "perplexing questions," *Fields/Hanson* indicates that whenever a Member asserts this privilege in a CAA case, the "district court must" assess that assertion to determine whether the case must be dismissed or may proceed. 459 F.3d at 16. *See also* Circuit Judge Tatel's concurrence at 21 (suggesting that because the D.C. Circuit's decision in *Fields/Hanson* was fragmented, it will be up to the district courts in the first instance to analyze Speech or Debate Clause assertions in CAA cases under this new paradigm). Judge Randolph's plurality decision in *Fields/Hanson* provides some guidance regarding the framework by which district courts should now assess the assertion of this privilege in CAA cases. Defendant's motion to dismiss will follow this framework, and include the affidavit required by the *Fields/Hanson* decision, as well as relevant authorities, argument, and

citations to Plaintiff's deposition testimony, explaining why the Speech or Debate Clause precludes further litigation of this case.

Defendant further submits that the plurality decision in *Fields/Dayton* provides that Congressman Alexander's assertion of this Constitutional privilege at this time means that any further discovery in this case is now automatically stayed pending this Court's review of Defendant's motion to dismiss.

At the requested conference, Defendant would like to discuss a briefing schedule which allows it to brief this important privilege and its applicability to this case under the newly-delineated paradigm established by the D.C. Circuit, and to confirm that, with Congressman Alexander's assertion of this privilege, all discovery in this case is now automatically stayed.

                              Respectfully submitted,

                              By_____
                                  Russell H. Gore, D.C. Bar # 449231
                                  Gloria J. Lett, D.C. Bar # 293365
                                  Kimberly Carey Williams, VSB # 41325
                                  U.S. House of Representatives
                                  Office of House Employment Counsel
                                  1036 Longworth House Office Building
                                  Washington, D.C.  20515
                                  (202) 225-7075
                                  Attorneys for Defendant
                                  Office of Rep. Rodney Alexander

DATED:     May 31, 2007